Matter of North Shore Ambulance & Oxygen Serv. Inc. v New York State Emergency Med. Servs. Council (2021 NY Slip Op 07594)





Matter of North Shore Ambulance & Oxygen Serv. Inc. v New York State Emergency Med. Servs. Council


2021 NY Slip Op 07594


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

532209
[*1]In the Matter of North Shore Ambulance and Oxygen Service Inc., Appellant,
v
New York State Emergency Medical Services Council et al., Respondents.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Nixon Peabody LLP, Albany (Daniel J. Hurteau of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.



Clark, J.
Appeal from a judgment of the Supreme Court (Weinstein, J.), entered August 31, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent New York State Emergency Medical Services Council denying petitioner's request for an ambulance service operating certificate for Suffolk County.
Petitioner, a for-profit ambulance service provider certified to operate in Kings and Queens Counties, applied for an ambulance service operating certificate that would permit it to expand its territory and operate fully in Suffolk County (see generally Public Health Law §§ 3005 [1], [6]; 3008 [1]).[FN1] Following a public hearing, a Hearing Officer recommended approving petitioner's request, concluding that it had met its burden to demonstrate public need, including that a reallocation of resources could not readily correct the situation (see generally New York State Department of Health, Bureau of Emergency Medical Services, Policy Statement No. 06-06 at 29 [May 26, 2006]). Petitioner continued to be successful through the many layers of administrative review but, ultimately, respondent New York State Emergency Medical Services Council (hereinafter SEMSCO) denied petitioner's application, by a vote of 12 to 7. Petitioner in turn commenced this CPLR article 78 proceeding, and Supreme Court found no basis upon which to disturb SEMSCO's determination, prompting this appeal.
Although there are some factual differences regarding petitioner's requests to operate in Nassau and Suffolk Counties, including that notably greater numbers of requests for nonemergency transport that went unanswered in the latter, the analysis regarding SEMSCO's conclusion as to public need is no different (see Public Health Law §§ 3005 [1], [6]; 3008 [1]; New York State Department of Health, Bureau of Emergency Medical Services, Policy Statement No. 06-06 at 29 [May 26, 2006]). In addition, notwithstanding some negligible differences in the remarks made by Al Lewis, a member of SEMSCO and its Systems Committee who represented the interests of for-profit ambulance service providers when petitioner's application as to Suffolk County was being considered, no conflict of interest has been demonstrated (see Public Officers Law § 74 [2]; Public Health Law § 3002 [1]). Thus, for the reasons stated in Matter of North Shore Ambulance & Oxygen Serv. Inc. v New York State Emergency Med. Servs. Council (___ AD3d ___, ___ [appeal No. 532207, decided herewith]), we agree with Supreme Court that there is no basis upon which to conclude that SEMSCO's determination was either arbitrary or capricious.
Egan Jr., J.P., Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Additional facts and petitioner's general allegations are set forth in Matter of North Shore Ambulance & Oxygen Serv. Inc. v New York State Emergency Med. Servs. Council (___ AD3d ___ [appeal No. 532207, decided herewith]).